**Dated: March 6, 2014**

**The following is ORDERED:**



*[Signature]*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In re:

HAROLD PETTIGREW,                            Case No. 13-81132-TRC
                                                           Chapter 7
                    Debtor.

ORDER DENYING MOTION TO AVOID LIEN

      Before the Court is Debtor's Motion to Avoid Lien of Sierra Nevada Regional Department of Child Support Services, State of California ("SNRDCSS") (Docket Entry 19) and Objection of SNRDCSS (Docket Entry 25). The Court held a telephonic hearing on this matter on January 29, 2014. Appearances were entered by Pat Pate, Jr. on behalf of Debtor, and Tex Ritter on behalf of SNRDCSS. At the hearing, this Court announced its intention to deny the Motion but delayed entry of the order by request of the parties.

      After review of the Motion, Objection and supporting documentation submitted by SNRDCSS, the Court finds that it cannot grant Debtor's Motion. The "lien" or income withholding order from which Debtor seeks relief is the result of a child support order entered in 1984 by the State of Arizona against Debtor. That order was later registered in the State of California. Debtor

argues that enforcement of the income withholding order by wage garnishment violates the automatic stay that arises upon the filing of bankruptcy. However, 11 U.S.C. § 362(b)(2)(C) provides that the filing of a bankruptcy petition does not stay the withholding of income for the payment of a domestic support obligation. Thus, SNRDCSS has not violated the automatic stay by seeking to collect upon the child support order. Debtor also argues that the income withholding order and support obligation may be avoided pursuant to 11 U.S.C. § 522(f), which allows certain liens to be avoided if they impair a debtor's exempt property. To the extent SNRDCSS' income withholding order could qualify as a "lien," it is not avoidable under § 522(f). If the withholding order is considered to be a statutory lien that arose by force of statute, such liens are not the type that can be avoided under § 522(f). If it is a judicial lien, it cannot be avoided because it is for a domestic support obligation, which cannot be discharged pursuant to § 523(a)(5). 11 U.S.C. § 522(f)(1)(A). The Court finds no authority for it to grant Debtor any relief from the income withholding order for the child support obligation.

IT IS THEREFORE ORDERED that Debtor's Motion to Avoid Lien (Docket Entry 19) is **denied**.

Movant shall notify all interested parties of this Order.

###